**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1287C (Pro Se)
(Filed: November 1, 2016 | Not for Publication)

| | | |
|---|---|---|
| WANDA FRAZIER, | ) | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; Privacy Act; Freedom of Information Act; Health Insurance Portability and Accountability Act; Tort Claims |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

In this action, the pro se plaintiff, Wanda Frazier, alleges that the Department and Health and Human Services (HHS), and Wellcare Insurance, an HMO, violated the Privacy Act, 5 U.S.C. §552a, the Freedom of Information Act, 5 U.S.C. §552, and the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104–191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of Title 42 of the United States Code) by sharing her health and contact information with Wellcare's customer service representatives, who are located in the Philippines. Compl. at 2, Dkt. No. 1. Ms. Frazier alleges that she has filed written complaints with both Wellcare and HHS regarding Wellcare's practice of using customer service representatives who are not located in the United States but has received no responses to her concerns. See id. Ms. Frazier notes that she has not given "Wellcare or any of its affiliates [permission] to have my information outsourced to any country outside of the United States," that HIPPA "is suppose[ed] to protect my private information," that she has "suffered emotional distress and anxiety," and that she "feels that [her] health care information has been compromised." Id. Ms. Frazier does not specify the relief that she requests the Court to provide in response to her complaint.

For the reasons discussed below, this Court lacks jurisdiction over Ms. Frazier's claims. Therefore, the Complaint is **DISMISSED** without prejudice.[1]

---

[1] Ms. Frazier filed a request to proceed in forma pauperis. The Court **GRANTS** her application for the limited purpose of dismissing the complaint.

7014 1200 0000 9093 9706

## DISCUSSION

The Court may raise subject matter jurisdiction sua sponte at any time. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the Court of Federal Claims 12(h)(3); see also Arbaugh, 546 U.S. at 514 (stating that "courts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party").

Generally, in determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Tucker Act grants the United States Court of Federal Claims the authority "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive basis for an award of damages. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating that a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

As the statute's plain language makes clear, to set forth a claim that is within this Court's Tucker Act jurisdiction, the complaint must allege a violation of a federal statute, regulation, or the Constitution, committed by the United States. See 28 U.S.C. § 1491(a)(1) (granting the United States Court of Federal Claims limited jurisdiction over claims against the Federal Government). Accordingly, to the extent that Ms. Frazier is pressing legal claims against Wellcare, this Court lacks jurisdiction to consider them

because Wellcare is a private entity. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (Tucker Act does not confer jurisdiction over suits brought against private parties).

This Court is also without jurisdiction to consider Ms. Frazier's claims that HHS violated the Privacy Act because the United States district courts have jurisdiction over such claims. See 5 U.S.C. § 552a(g)(1); Madison v. United States, 98 Fed. Cl. 393, 395 (2011); Treece v. United States, 96 Fed. Cl. 226, 232 (2010). Similarly, "Congress has conferred on the district courts, and not this court, the responsibility for enforcing the FOIA statute." Dobyns v. United States, 91 Fed. Cl. 412, 430 (2010) (citing 5 U.S.C. § 552(a)(4)(B)). Further, HIPAA does not provide for a private cause of action against the government. Agee v. United States, 72 Fed. Cl. 284, 289 (2006) (citing cases); see also Sokol v. United States, 120 Fed. Cl. 144, 156 (2015). And finally, Ms. Frazier's claim that she has suffered emotional distress and anxiety as a result of the actions of either HHS or Wellcare sound in tort, and are therefore expressly outside of this Court's jurisdiction under the Tucker Act. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . .").

## CONCLUSION

For the reasons discussed above, this Court lacks the authority to hear or remedy Ms. Frazier's complaints regarding any compromise of her private information. Therefore, the complaint is **DISMISSED** in its entirety, without prejudice. The Clerk of the Court is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge